## TENNEY *vs.* EVANS.

Where a ward was the owner of a farm, which was carried on by his guardian—*Held*, that the possession of the property was the possession of the ward; and that the stock and farming utensils used in carrying on the farm are presumed, *prima facie*, to be the property of the ward, and not of the guardian until the contrary is shown.

TROVER, against the defendant, as sheriff of the county of Merrimack, to recover the value of certain stock and farming utensils, alleged to belong to the plaintiff.

The plaintiff was an infant, and sued by David Tenney, his guardian.

It appeared in evidence that one John Page, by deed dated March 16, 1837, conveyed to the plaintiff, and Mary Elizabeth Clifford, a farm, situated in Dunbarton, and that David Tenney was appointed guardian of the plaintiff by the court of probate for the county, on the 26th September, 1837, and that the guardian, in the years 1838 and 1839, carried on the farm, and hired and employed persons to work upon it. In the summer of 1839 the property described in the writ was upon the farm ; some of the articles had been there a year or more, and some of them for a shorter period, and were procured from time to time by the guardian, as they were wanted.

On the 23d of July, one Pettingill, a deputy of the defendant, by virtue of a writ in favor of Leach, Crosby & Gilmore, *vs.* David Tenney, the guardian, attached said articles as the

property of the guardian, while they were on the farm in his possession, and in August following sold them at auction under the statute. The articles were appraised at about $600·00, and sold for the sum of $505·31.

Upon this evidence the court directed a verdict for the defendant, subject to be set aside and a new trial granted, if the court should so direct.

*Perley*, for the plaintiff.

*Pierce, Fowler, & Bartlett*, for the defendant.

Upham, J. The only question in this case is, whether the plaintiff offered evidence tending to show a property in himself in the articles attached by the defendant, as the property of David Tenney, the plaintiff's guardian. These articles consisted of stock and farming utensils, taken from the farm of the plaintiff, which had been carried on for some years by the guardian.

The entry and possession of the guardian, or lord of the infant heir, or, of any other person of the infant's estate, is the possession of the infant—*Co. Lit.* 189, *a.* ; 1 *Atk.* 489, *Morgan* vs. *Morgan ;* and the growing crops follow the possession, and must be holden as the property of the ward, or heir, unless the contrary appears. Such crops cannot be attached on any presumption that they belong to the guardian, or that he carries on the land at a given rent, or on shares, and therefore has an interest in them. Such facts must be shown affirmatively, to justify an attachment of the crops as the property of the guardian.

If the farm is carried on for the ward, the necessary farming utensils, and stock, should be supplied by him. The rule is the same as in case of the working of factories, or mines, which are the property of the ward ; in which cases the repairs of machinery, and the purchase of such new articles as are necessary for the use and improvement of the property, are made at the expense of the ward.

Tenney v. Evans.

But this evidence of ownership of the ward is merely *prima facie*, and may be rebutted by other testimony. The defendant may be able to show such declarations of the guardian, or such management of the property, as will readily satisfy a jury that the whole property belonged to the guardian, and that the relation of guardian was used to effect its fraudulent concealment.

No such evidence was offered in this case. A verdict was taken for the defendant, on the mere ground that, as the land was carried on by the guardian, the stock and personal property used for this purpose was necessarily the property of the guardian, and liable to attachment for his debts. This view of the presumption of law arising on the facts, is erroneous. The ownership of the stock on the farm follows the ownership and possession of the land, *prima facie*, until the contrary appears, and the possession is that of the ward, and not of the guardian. The plaintiff, therefore, under the facts in evidence, is entitled to recover, until the contrary is shown.

*Verdict set aside, and new trial granted.*